United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELANIE ROMERO, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00240 |
| | § | |
| UNITED STATES OF AMERICA. | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court is Defendant, United States of America's, ("Defendant") Motion to Dismiss. (Doc. No. 11). Plaintiff, Melanie Romero, ("Plaintiff" or "Romero") responded in opposition. (Doc. No. 14). Defendant replied, (Doc. No. 16), and Plaintiff filed a sur-reply. (Doc. No. 17). While this motion was pending, Defendant filed a motion to stay discovery pending this Court's decision on the motion to dismiss. (Doc. No. 18). Plaintiff responded in opposition. (Doc. No. 19). Having considered the briefing and applicable law, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. No. 11). Defendant's Motion to Stay is therefore **DENIED** as moot. (Doc. No. 18).

### I. Background

On April 6, 2024, Plaintiff was allegedly injured as a result of a motor vehicle accident involving a United States Postal Service ("USPS") driver. (Doc. No. 1, ¶¶ 6-7). Plaintiff filed a Notice of Claim and an executed Standard Form 95 ("SF-95") with the USPS National Tort Center on April 12, 2024. (Doc. No. 14, Ex. A). On May 10, 2024, USPS responded, providing a USPS Case number and specific instructions for Plaintiff to follow in presenting her claim. (*Id.*, Ex. D).

On May 13, 2024, USPS provided Plaintiff with notice that her claim was invalid as previously filed because it failed to state a sum certain in damages as required under 28 C.F.R. § 14.2(a). (*Id.*, Ex. E). Again, on June 24, 2024, USPS informed Plaintiff that her SF-95 could not be considered in full because she failed to provide a sum certain in damages. (*Id.*, Ex. F). Plaintiff claims—and her medical records confirm—that Plaintiff was still undergoing medical treatment at that time. Therefore she could not provide a sum certain amount in damages. (*Id.*, Exs. G-K).

Without this sum certain amount in damages, USPS could not review Plaintiff's claim. After six months passed, Plaintiff filed this action pursuant to 28 U.S.C. § 2675(a).[1]

## II. Legal Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

[1] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675.

2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

## III. Analysis

The FTCA waives sovereign immunity for certain tort claims, including personal injury that results from the negligent act of any government employee acting within the scope of his employment. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). Before a plaintiff may avail themselves of this waiver of immunity, they must first exhaust their administrative remedies pursuant to 20 U.S.C. § 2675. That section requires a claimant to present her claim to the appropriate federal agency for disposition before she may file in federal court. 28 U.S.C. § 2675(a).

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a *claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a) (emphasis added).

Defendant initially argued that Plaintiff had failed to exhaust her administrative remedies as required under the FTCA by failing to present her claim to the agency and allowing it sufficient time to review her claim. (Doc. No. 11, ¶ 3). The evidence provided by Plaintiff in response, however, proves that she did present the agency with Standard Form 95 ("SF-95") and that the agency acknowledged its receipt of such a form. (Doc. No. 14, Exs. A, C, D, E, F). Defendant then argued that Plaintiff's claim still ought to be dismissed because these SF-95s failed to provide the agency with a sum-certain and thus could not be fully considered by the agency. (Doc. No. 18, at 2). As this argument was not presented in Defendant's first responsive pleading, it is considered waived unless it is either a jurisdictional argument or an argument that Plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1); (b)(6).

The Fifth Circuit has previously held that a failure to provide a sum certain is a jurisdictional prerequisite to bringing an FTCA claim. *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983). This principle has been applied by courts in this District to dismiss an FTCA claim for lack of subject matter jurisdiction where a plaintiff failed to timely file a claim that provided a sum certain on her claim. *Eaton v. United States*, No. H-07-3438, 2008 WL 706784, at *5 (S.D. Tex. Mar. 13, 2008).

In 2015, however, the Supreme Court redirected a stream of cases that held statutory time bars to be jurisdictional and instead instituted a "clear statement rule." *United States v. Wong*, 575 U.S. 402, 410-11 (2015). This rule requires that Congress provide a clear statement of its intent that a time restriction be treated as jurisdictional. *Id.* at 410. In applying this rule to the FTCA § 2401, the Court held that the time bar was not jurisdictional and was therefore subject to equitable tolling. *Id.* at 412.

Since that decision was rendered, the Fifth Circuit has not had the occasion to apply *Wong* in a manner that would overturn *Wardsworth* nor has it re-analyzed § 2675, but it has adopted the principle established in *Wong* in other contexts. *See e.g., In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 790-91 (5th Cir. 2021) (adopting the rule in *Wong* and applying it to overturn Fifth Circuit precedent holding 46 U.S.C. § 30511(a) to be jurisdictional); *Villegas v. Noem*, 149 F.4th 554, 568 (5th Cir. 2025) (adopting the rule in *Wong* and applying it to find 8 U.S.C. § 1503(a) non-jurisdictional). As such, the Fifth Circuit's holding in *Wardsworth* is no longer dispositive on the question of whether the FTCA's sum-certain requirement is jurisdictional, and this Court must follow the holding in *Wong*. Therefore, Plaintiff's failure to provide the agency with a sum certain within two years of the accident is a non-jurisdictional defense that Defendant waived when it failed to assert it in its first responsive pleading.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss pursuant to 12(b)(1) for lack of subject matter jurisdiction is **DENIED**. (Doc. No. 11). Defendant's Motion to Stay Discovery is therefore **DENIED** as moot. (Doc. No. 18).

Signed on this 10th day of November 2026.

Andrew S. Hanen
United States District Judge